**ROBERTS & KEHAGIARAS LLP**
Andrew D. Kehagiaras, Esq. (State Bar No. 207767)
adk@tradeandcargo.com
100 West Broadway, Suite 660
Long Beach, CA 90802
Telephone: (310) 642-9800
Facsimile: (310) 868-2923

Attorneys for defendant and third-party plaintiff
ITL USA INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ITL USA INC., a corporation, and DOES 1 to 10,<br><br>　　　　Defendants.<br>_____<br>ITL USA INC.,<br><br>　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>HYUNDAI MERCHANT MARINE CO., LTD.,<br><br>　　　　Third-Party Defendant. | **Case No. 2:21-cv-08491-RSWL-PVC**<br><br>**ITL USA INC.'S THIRD-PARTY COMPLAINT** |

COMES NOW defendant and third-party plaintiff ITL USA Inc. ("ITL") and alleges:

## JURISDICTION

1. As the plaintiff's complaint alleges, this is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The Court also has supplemental jurisdiction over this third-party complaint because third-party defendant Hyundai Merchant Marine, Co., Ltd. ("HMM") is or may be liable to ITL or plaintiff Great American Insurance Company ("GAIC") for all or part of the claims that GAIC has asserted in its complaint in this action, attached as Exhibit "A." *See* Fed. R. Civ. P. 14(a) and (c), 28 U.S.C. § 1367(a).

## GENERAL ALLEGATIONS

3. ITL is and, at all material times, was a New Jersey corporation existing according to law. ITL is and, at all relevant times was, a non-vessel-operating common carrier with licensing from the Federal Maritime Commission (the "FMC").

4. ITL is informed and believes and, on that basis, alleges that third-party defendant HMM is an entity organized and existing under the laws of South Korean, and that HMM is an ocean common carrier of goods by water with licensing from the FMC.

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

5. GAIC has filed a complaint in this Court against ITL alleging that it has caused damage to GAIC. ITL has responded to GAIC's complaint by filing an answer that denies any liability and asserts various affirmative defenses.

6. ITL is informed and believes and, on that basis, alleges that HMM was at fault or in some other actionable manner legally responsible for the events and happenings referred to in GAIC's complaint, and for proximately causing the damages or loss that GAIC has alleged in its complaint. Accordingly, ITL demands relief for itself, as well as judgment against HMM and in favor of GAIC.

## FIRST CAUSE OF ACTION
## Equitable Indemnification Against HMM

7. ITL realleges and incorporates by reference paragraphs 1 through 6, inclusive, of its third-party complaint.

8. ITL is informed and believes and, on that basis, alleges that it is in no way responsible for the injuries or damages that GAIC has alleged in its complaint. But if ITL were nevertheless found liable under any legal theory for any damages or injuries alleged in the complaint, then ITL is informed and believes and, on that basis, alleges that the fault or other actionable conduct or activity of HMM was active, primary, and affirmative, and that any fault or other actionable conduct or activity on the part of ITL, if any, was at most only passive, derivative, and secondary.

9. Accordingly, if ITL were to be held liable for all or any part of the claims that GAIC has alleged, then ITL would be entitled to total or partial indemnification from HMM so that ITL could recover from HMM all sums that ITL must pay to GAIC, or any sum over ITL's proportionate share of liability, if any.

10. Because of GAIC's allegations, ITL has incurred or paid expenses for the defense of the above-captioned action, including attorneys' fees, court costs, expenses, and damages. ITL will also likely incur future attorneys' fees, court costs, expenses, and damages because of any judgment or settlement with any party to this action. Based on the above, ITL is entitled to indemnity from HMM for ITL's attorneys' fees, court costs, expenses, and damages that ITL has paid or incurred. The above expenses are continuing and in amounts presently unknown to ITL, which prays for leave to amend its third-party complaint to assert the actual amount of such expenses when ITL has ascertained them.

## SECOND CAUSE OF ACTION
### Contribution Against HMM

11. ITL realleges and incorporates by reference paragraphs 1 through 10, inclusive, of its third-party complaint.

12. ITL is informed and believes and, on that basis, alleges that it is in no way responsible for the injuries or damages GAIC has alleged in its complaint. But if ITL were nevertheless found liable under any legal theory for any damages or injuries alleged in the complaint, then ITL is informed and believes and, on that basis, alleges that the fault or

other actionable conduct or activity of HMM was a substantial factor in causing GAIC's damages and injuries, if any.

13. Because of GAIC's allegations, ITL will sustain damages to the extent that it must pay any sums over its proportionate share of liability, if any, as the trier of fact may find.

14. Accordingly, if ITL were to be held liable for any part of the claims asserted against it, then ITL would be entitled to contribution by HMM in proportion its share of the liability, so that ITL would avoid payment of any sums to GAIC or any sum over ITL' proportionate share of liability, if any.

15. Because of GAIC's allegations, ITL has incurred or paid expenses for the defense of the complaint in this action, including attorneys' fees, court costs, expenses, and damages. ITL will also likely incur future attorneys' fees, court costs, expenses, and damages because of any judgment or settlement in this action. Based on the above, ITL is entitled to indemnity from HMM for ITL' attorneys' fees, court costs, expenses, and damages that ITL has paid or incurred. The above expenses are continuing and in amounts presently unknown to ITL, which prays for leave to amend its third-party complaint to assert the actual amount of such expenses when ITL has ascertained them.

WHEREFORE, ITL prays for judgment on its third-party complaint as follows:

**ROBERTS & KEHAGIARAS LLP**
www.tradeandcargo.com

1. Under Rule 14(c) of the Federal Rules of Civil Procedure, for a judgment against HMM and in favor of GAIC;

2. For a judgment against HMM by way of total indemnification for any sum the Court may adjudge against ITL;

3. For a judgment against HMM by way of partial equitable indemnification or contribution, according to proof of contributory or comparative liability for any sum the Court may adjudge against ITL, which sum exceeds the proportionate share of ITL's liability, if any, as the trier of fact may find;

4. For a judgment against HMM for ITL's attorneys' fees, court costs, expenses, and damages ITL has paid or incurred in the litigation against GAIC and other parties, and expenses and other costs of suit ITL has paid or incurred in this action; and

5. For such other and further relief as the Court deems just and proper.

Dated: November 1, 2021          ROBERTS & KEHAGIARAS LLP

                                      By:   /s/ Andrew D. Kehagiaras
                                            Attorneys for defendant and third-party plaintiff ITL USA INC.